**DUNCAN FIRM, P.A.**
James H. Bartolomei III (CA Bar 301678)
Email: james@duncanfirm.com
809 W. 3rd Street
Little Rock, Arkansas 72201
Telephone: (501) 228-7600
Fax: (501) 228-0415

*Attorneys for Plaintiff SOKOLSKYFILM, INC.,*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| SOKOLSKYFILM, INC., <br><br> *Plaintiff,* <br><br> v. <br><br> SCOTT R. SCHWARTZ, and SCHWARTZ SPORTS MEMORABILIA, INC., <br><br> *Defendants.* | **COMPLAINT FOR DAMAGES BASED ON COPYRIGHT INFRINGEMENT** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff SOKOLSKYFILM, INC., for its complaint against Defendants SCOTT R. SCHWARTZ, and SCHWARTZ SPORTS MEMORABILIA, INC., and alleges upon personal knowledge as to its own conduct, and on information and belief based on the investigation of Plaintiff's counsel, as to all other conducted alleged herein, as follows.

## I. INTRODUCTION

1. This is a case about copyright infringement under 17 U.S.C. §§ 101 *et seq*. and 505 *et seq*. caused by Defendants SCOTT R. SCHWARTZ, and SCHWARTZ SPORTS MEMORABILIA, INC. related to the copying, displaying and/or distribution of a copyrighted Photo (the "Photo") of actress Selma Blair owned by Plaintiff SOKOLSKYFILM, INC.


2. Plaintiff also makes claims for copyright management information ("CMI") violations pursuant to 17 U.S.C. §§ 1202 and 1203 et. seq., for each instance the Photo was copied and displayed and the CMI information was deleted, altered, removed and/or false CMI was added by Defendants to the Photo.

## II.   PARTIES

3. Plaintiff SOKOLSKYFILM, INC. ("Plaintiff" or "SOKOLSKYFILM, INC.") is a California Corporation and is based in the District.

4. Defendant SCHWARTZ SPORTS MEMORABILIA, INC. ("SSM"), is an Illinois company with its principal place of business and headquarters at 8234 Lehigh Ave., Morton Grove, IL 60053-2615, and be served through its owner and operator, Brian Schwartz. On information and belief, SSM regularly transacts business in the District, including doing business with Defendant SCOTT R. SCHWARTZ.

5. Defendant SCOTT R. SCHWARTZ ("SCHWARTZ") is an individual that on information and belief, resides in Ventura County at 2446 Marie St., Simi Valley, California 93065-2322. He is most well-known for his role as "Flick," the character who got his tongue stuck to the frozen flagpole in *A Christmas Story*. On information and belief, SCHWARTZ is not a family member related to Brian Schwartz, they coincidentally share the same last name.

## III.   JURISDICTION AND VENUE

6. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act, 17 U.S.C. §§ 101 *et seq*. and 505 *et seq*.

7. This Court has original subject matter jurisdiction over all claims pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338 (copyrights).

8. Venue is proper in this District because Defendants (1) committed copyright infringement (2) expressly aimed at the forum state of California, (3) and caused harm in this District to Plaintiff.

9. This District and the Western Division are proper venues because Defendant SSM resides in Ventura County and the Photo at issue was distributed on information and belief from the District.

10. The claims alleged also arise out of or relate to Defendant SSM's and SCHWARTZ's regular and systematic activities in this District, and the fact that Plaintiff would not have been injured but for Defendants' conduct that violated its rights in California.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1400(a) (venue for copyright cases) because Defendant SCHARTZ may be found in this District and its joint tortfeasor, SSM, worked together in the District, having acted in concert by and through Defendant SSM to infringe the Photo.

12. This Court has *in personam* jurisdiction over Defendants because Defendants availed each of themselves of the privileges of conducting business in this District and the State of California and Defendants incurred a benefit from such infringement of the Photo, thus it is reasonable for Defendants to submit to the jurisdiction of this California federal district court.

13. Defendants have each regularly and systematically transacted business within California and sold infringing products from California in connection with the matters giving rise to this suit, harming Plaintiff in the District.

## IV. FACTUAL ALLEGATIONS

**A. The Importance of Copyright and Bundle of Rights**

14. Copyrights are the legal title to intellectual property by which creators of original works protect the moral and economic rights in those works.

15. Respecting and defending the financial value of a creator's copyrighted work is a bedrock principle of our democracy, so important that the Founding Fathers enshrined the Constitution with specific references to copyrights, expressly giving Congress the power to "promote the Progress of Science and useful Arts, by securing for limited Times to Authors and Inventors the exclusive

1  Right to their respective Writings and Discoveries." U.S. Const. Article I, Section
2  8.
3     16.   "Copyright law encourages people to create original works and thereby
4  'ultimately serves the purpose of enriching the general public through access to
5  creative works.'" *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 526 (1994).
6     17.   The Supreme Court of the United States found that by "establishing a
7  marketable right to the use of one's expression, copyright supplies the economic
8  incentive to create and disseminate ideas." *Harper & Row Publishers, Inc. v.*
9  *Nation Enters.,* 471 U.S. 539, 558 (1985).
10    18.   Section 106 of the Copyright Act (the "Act") grants copyright owners
11 the exclusive public display right and control of the economic value of their work.
12 The Act makes it illegal to publicly perform, publicly display, distribute, or
13 reproduce a copyrighted work except in limited instances, and provides for actual or
14 statutory damages.
15    19.   In 1976, the Act was amended to give creators such as Plaintiff an
16 automatic copyright in the Photos.
17    20.   To file suit based on an alleged infringement, that automatic copyright
18 interest must be registered with the U.S. Copyright Office, which was completed
19 prior to filing suit.
20 **B. Background on the Copyrighted Photo**
21    21.   Melvin Sokolsky ("Sokolsky") created the Photo of actress Selma
22 Blair (the "Photo") in which Plaintiff SOKOLSKYFILM, INC. now owns the
23 copyright.
24    22.   Sokolsky was an iconic fashion photographer who passed away in
25 2022. Sokolsky's estate is administered by his son, cinematographer, Bing
26 Sokolsky, including managing Plaintiff SOKOLSKYFILM, INC.  Melvin Sokolsky
27 was a groundbreaking American photographer and film director, celebrated for his
28 innovative contributions to fashion photography. Throughout his career, Sokolsky

received numerous accolades, including 25 Clio Awards and a nomination from the Directors Guild, underscoring his impact on both photography and television commercials. His work has been exhibited in major museums worldwide, including the Museum of Modern Art and the Louvre, solidifying his status as a significant figure in contemporary art and fashion photography. Sokolsky's web site is found at http://www.sokolsky.com/. A copy of the Photo can be found here: http://www.sokolsky.com/fashion/flaunt/selma_nude/.

23. The Estate of Melvin Sokolsky, through Plaintiff SOKOLSKYFILM, INC., continues to generate income from licensing fees for his copyrighted works, which remain protected and valuable intellectual property.

24. Plaintiff SOKOLSKYFILM, INC. owns the copyright to the Photo, which was registered on February 25, 2009 under United States Copyright Office registration number TX 7-387-426 under Melvin Sokolsky and was later assigned to Plaintiff.

25. The Photo was published in the book "Archive" ISBN: 0-9822266-0-8. The book can be found at https://www.leafcar.com/product/archive-limited-edition. Leafcar Editions is owned by Sokolskyfilm, Inc. A copy of the Photo is shown here (*redacted to protect the subject matter*):



**C.   Defendants and infringement of the Photo.**

26.   On information and belief, sometime in 2023 or 2024, Defendants copied, distributed and displayed the Photo for sale, without authorization from Plaintiff.

27.   In the copying, distribution and display, on information and belief, Defendants or their agents deleted Plaintiff's copyright management information in order to knowingly enable infringement, and hide Sokolsky's name.

28.   Sometime in 2024, Plaintiff discovered that a copy of its Photo was being unlawfully displayed by Defendants on commercial websites for the sale of a copy of the Photo.

29.   The following links contain a copy of the Photo still displayed https://schwartzsportsmemorabilia.com/shop/product/selma-blair-signed-nude-pose-11x14-photo/ and https://www.supersportscenter.com/products/selma-blair-signed-nude-pose-11x14-photo-schwartz-sports-coa.

30.   On or about September 20, 2024, Plaintiff, through counsel, sent a takedown notice to Defendant SSM.

31.   Defendant SSM received and acknowledged the takedown including providing information that SCHWARTZ was also involved, but refused to compensate Plaintiff for the unauthorized use of the Photo, or takedown the Photo.

32.   Despite not having any actual defenses and assurances that Defendant SSM would remove and takedown the Photo, the Photo still remains published, displayed and available for sale in print form as of the date of this Complaint.

31.   Each display of the Photo was unauthorized, with each medium (website, print etc.) requiring a separate license as Plaintiff generally only licenses its works under a "rights-managed" licensing model.

32.   Plaintiff in this 17 U.S.C. § 504(b) action can therefore establish a causal connection and relationship between the infringements, the revenue

- 6 -
COMPLAINT FOR DAMAGES BASED ON COPYRIGHT INFRINGEMENT

generated from the infringements, and the monetary remedy sought under the Act, which is neither speculative nor arbitrary.

33. Actual damages should be awarded to Plaintiff from the hypothetical-license value, which constitute an acceptable and recognized form of "actual damages" recoverable under Section 504(b).

34. Where an infringer of a protected work, instead of obtaining permission and paying an agreed licensing fee, proceeds to use that work without permission and without compensating the copyright owner, the copyright owner (e.g., Plaintiff) suffers damages, because Plaintiff was legally entitled to exact a fee for such uses.

35. Whether the infringing Defendants might in fact have negotiated with Plaintiff or purchased at the Plaintiff's price is irrelevant to whether hypothetical-license damages are available.

36. Hypothetical-license damages also assume rather than require the existence of a willing seller and willing buyer. The very word "hypothetical" indicates that damages may be awarded in the absence of an actual license.

37. Plaintiff's damages are measured and determined by the fair market value of license fees by looking at established rates that are regularly paid by licensees in the market.

38. The calculation of a reasonable licensing fee for use of Plaintiff's Photos must be based on such factors as the type of use, size of use, medium, and circulation.

39. Plaintiff may also elect to seek statutory damages under the Copyright Act.

40. Given Defendants' nature as businesses with knowledge of the professional photography, sports and film industries, copyright, trademark, and advertising/marketing, Defendants SSM and SCHWARTZ knew or should have known that the uses of the Photo were a violation of Plaintiff's rights.

41. On information and belief, Defendant SSM and SCHWARTZ also more likely than not committed a Copyright Management Information (CMI) violation related to their uses and distribution of the Photo because the Photo's metadata information (and other information such as Sokolsky's name) associated with the digital files of the Photo were likely deleted or altered from all the displays and/or false CMI was added to the copy of the Photos that were distributed by Defendant SSM and SCHWARTZ more likely than not for the purpose of preventing Plaintiff from discovering those displays and/or enabling infringements. See 17 U.S. Code § 1203(3)(B). Each CMI violation carries a minimum award of $2,500 to a maximum award of $25,000, along with reasonable attorney fees.

42. On information and belief, Defendant SSM and SCHWARTZ intended to commit infringement and knowingly supplied false CMI that enabled infringement.

43. On information and belief, Plaintiff alleges that Defendant SSM and SCHWARTZ removed and/or altered Sokolsky's CMI and/or added and supplied false CMI to the Photo with a reasonable basis to know that the removal, alteration and addition of false CMI would prevent or hinder Plaintiff's ability to discover the infringement(s).

44. Despite making a demand to be compensated, take down all unauthorized displays and for Defendants to share an accounting of all displays and revenue generated from the use of the Photos, Defendants have ignored Plaintiff's efforts.

45. Given the position of Defendants and lack of any license agreement between Defendants and Plaintiff or any no cognizable defense, Plaintiff had no choice but to file a suit to protect Plaintiff's rights and seek fair and just compensation.

COMPLAINT FOR DAMAGES BASED ON COPYRIGHT INFRINGEMENT

# V. CAUSES OF ACTION

## FIRST CAUSE OF ACTION

### (Infringement of Copyrights (17 U.S.C. §§ 106, 501))

46. Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs of this Complaint.

47. Plaintiff owns a valid copyright registration in the Photo.

48. Plaintiff never provided authorization to Defendants or their partners, owners, agents, licensees, affiliates, employees, contractors, customers, or subscribers to use, copy, publicly display, distribute, license, manipulate, or otherwise commercially exploit the Photo.

49. Defendants each have directly infringed Plaintiff's copyright in the registered Photo, by using, copying, publicly displaying, distributing, licensing, manipulating, or otherwise commercially exploiting the Photos, without Plaintiff's authorization.

50. Defendants have each caused damages to Plaintiff from copyright infringement of the Photo and who each had the right and ability to take down the Photos after notifications.

51. Defendants had actual knowledge of the infringement of the Photo and materially contributed and caused infringement once Plaintiff sent notice that Defendants were not allowed to display, distribute, and publish the Photo.

52. Defendants SSM and SCHARTZ are vicariously liable for their respective employees', retailers, contractors' and/or agents' infringement of the Photo as alleged above.

53. Defendants SSM and SCHARTZ knew or had reason to know of their respective employees, contractors, and agents' infringement and intentionally induced and/or materially contributed to such infringement.

54. Defendants SSM and SCHARTZ knew or had reason to know of, and materially contributed to the infringement of those to whom each copied, distributed and/or displayed the Photos.

55. Defendants SSM and SCHARTZ are contributorily liable for their respective employees', contractors', all other Defendants and agents' infringement.

56. Defendants SSM and SCHARTZ are secondarily liable for their respective employees, contractors, Downstream Infringers and agents' infringement.

57. Plaintiff has suffered actual damages as a direct and proximate result of Defendants' direct and secondary infringement.

58. Plaintiff is entitled to recover damages based on it actual damages suffered as a result of Defendants' infringements and the disgorgement of Defendants' profits attributable to the infringements, pursuant to 17 U.S.C. § 504(b), which amounts will be proven at trial, as well as any licensing fee that Plaintiff could have received if Defendant secured a valid license to the Photos.

59. Pursuant to 17 U.S.C. § 504(c)(2), and as a result of Defendants' infringement of Plaintiff's exclusive rights in the Photo, Plaintiff is entitled to recover statutory damages up to a maximum amount of $150,000 pursuant to 17 U.S.C. § 504(c)(1).

60. Plaintiff is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

61. Defendants' conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff, unless enjoined by this Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive copyrights in the Photo by the Defendants and all persons acting in concert with the Defendants.

///

COMPLAINT FOR DAMAGES BASED ON COPYRIGHT INFRINGEMENT

## SECOND CAUSE OF ACTION

## Violations of Copyright Management Information

## Under 17 U.S.C. §§ 1202 & 1203

62. Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs of this Complaint.

63. On information and belief, Defendants SSM and/or SCHWARTZ found the Photo either on Plaintiff's website or another site and caused a copy to be printed.

64. Defendants SSM and/or SCHWARTZ either visited Plaintiff's website and copied the Photo, deleting Plaintiff's CMI from the Photo (the metadata and name) and/or added false copyright management information provided in connection with the reproduction, distribution, and public display and of the Photo on Defendant SSM's website, social media and/or print and the distribution of the Photo and Defendant SSM intended to facilitate or conceal the infringement of Plaintiff's exclusive copyright.

65. On information and belief, Defendants SSM and SCHWARTZ intended the false copyright management information to induce the public to believe that Defendant SSM and/or SCHWARTZ had permission to copy and print Plaintiff's Photo for a sale, as opposed to Plaintiff, the copyright owner.

66. Defendants SSM's and/or SCHWARTZ's actions constituted willful and deliberate violations of the Digital Millennium Copyright Act, 17 U.S.C. § 1202(a).

67. On information and belief, Defendants SSM and/or SCHWARTZ knew that their use of the false attribution and/or deleting of Plaintiff's CMI under 17 U.S.C. § 1202 (a) was "False Copyright Management Information," and Defendants, in violation of the law, knowingly and with the intent to induce, enable, facilitate, or conceal infringement, (1) provided copyright management information that Defendants knew was false, and/or despite this knowledge, (2)

distributed copyright management information that is false by falsifying the metadata of the Photo.

68. Discovery will show from the metadata that Defendant SSM and/or SCHWARTZ were charged with preserving when it first changed, deleted, and/or added false CMI to the Photos.

69. Defendants SSM and/or SCHWARTZ are also liable under 17 U.S.C. § 1202 (b) for "Removal or Alteration of Copyright Management Information" because Defendant SSM and SCHWARTZ, without the authority of the copyright owner, Plaintiff, (1) intentionally removed or altered any copyright management information, such as Plaintiff's name and/or metadata, and (2) Defendants SSM and/ SCHWARTZ distributed false copyright management information knowing that the copyright management information had been removed or altered without authority of the copyright owner, Plaintiff, or knowing, or, with respect to civil remedies under section 1203, having reasonable grounds to know, that Defendants SSM and SCHWARTZ's conduct will induce, enable, facilitate, or conceal an infringement of any right under this title.

70. By reason of Defendants SSM and SCHWARTZ's CMI violation(s), Plaintiff has suffered damages and is entitled to recover its actual damages and to disgorge any additional profits of Defendants attributable to the violations, pursuant to 17 U.S.C. § 1202(c)(2).

71. Alternatively, and at Plaintiff's sole discretion exercised any time prior to entry of final judgment, Plaintiff is entitled to recover statutory damages in an amount between $2,500 and $25,000 *per violation* of the Digital Millennium Copyright Act, pursuant to 17 U.S.C. § 1203(c)(3)(B) for at least two (2) CMI violations. Discovery may show more violations than are unknown to Plaintiff at this time.

72. Further irreparable harm is imminent as a result of Defendants SSM's and/or SCHWARTZ's conduct, and Plaintiff is without an adequate remedy at law.

Plaintiff is therefore entitled to an injunction, in accordance with 17 U.S.C. § 1203(b), restraining Defendants SSM, SCHWARTZ, their officers, directors, agents, employees, representatives, assigns, and all persons and entities acting in concert with Defendants SSM and SCHWARTZ from engaging in further violations of the Digital Millennium Copyright Act.

73. Plaintiff is entitled to recover costs and attorneys' fees in accordance with 17 U.S.C. § 1203(b)(4) and (5).

## VI. RELIEF REQUESTED

74. Wherefore, Plaintiff prays for judgment against Defendants SSM and SCHWARTZ as follows:

a. Awarding Plaintiff damages derived from the infringing acts, including actual damages for copyright.

b. Awarding Plaintiff damages derived from the infringing acts for statutory damages for copyright infringement in the exact amount of $150,000.

c. Awarding Plaintiff damages derived for each CMI violation of $25,000.

d. Granting Plaintiff injunctive and other equitable relief enjoining Defendants, their respective officers, agents, vendors, servants, and employees, and all those acting in concert, from directly or indirectly reproducing, publicly performing, publicly displaying, or distributing the copyrighted Photo to which Plaintiff has exclusive rights.

e. Disgorging all profits derived by that were obtained as a result of the conduct alleged herein.

f. Awarding prejudgment interest to the maximum extent permitted by law.

g. Awarding Plaintiff's attorneys' fees, costs, and expenses.

h. Awarding such other and further relief that is just and proper.

## VII. JURY TRIAL DEMANDED

75. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff respectfully demands a trial by jury of all the claims asserted in this Complaint so triable.

Dated: January 6, 2025

Respectfully submitted,

**DUNCAN FIRM, P.A.**

*/s/ James H. Bartolomei III*
James H. Bartolomei III

*Attorneys for Plaintiff*
*SOKOLSKYFILM, INC.*